# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH J. KERESTESY, | Civil Action No. 2: 16-cv-0399 |
| Petitioner, | United States District Judge |
| v. | Nora Barry Fischer |
| SUPERINTENDENT SCI FAYETTE, et al. | United States Magistrate Judge |
| Respondents. | Cynthia Reed Eddy |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Respondents' motion to dismiss (ECF No. 8) be granted, the petition for writ of habeas corpus be dismissed, and a certificate of appealability be denied.

**II.    REPORT**

Petitioner, Joseph Kerestesy ("Petitioner"), filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his 2006 judgment of conviction from the Court of Common Pleas of Jefferson County, Pennsylvania. Respondents have filed a Motion to Dismiss (ECF No. 8), with brief in support (ECF No. 19), in which they argue that the petition is time barred and cannot be saved by equitable tolling. Petitioner filed responses in opposition. (ECF Nos. 14 and 20).

**A.    Background and Procedural History**

After a jury trial in the Court of Common Pleas of Jefferson County, Pennsylvania, Petitioner was found guilty of numerous sex-related crimes against children. He was sentenced to 130-520 years of incarceration. After being denied relief on direct and collateral state appeals,

1

through counsel Petitioner filed the instant petition for a writ of habeas corpus. (ECF No. 1). Respondents filed the pending motion to dismiss, in which they argue that the petition should be dismissed because it is untimely. In response, Petitioner argues that a motion to dismiss is inappropriate under existing United States Supreme Court precedent. In the alternative, Petitioner asserts that he is entitled to an alternative start date pursuant to 28 U.S.C. § 2244(d)(1)(B) and that he can overcome the one year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), pursuant to McQuiggin v. Perkins, -- U.S. ---, 133 S.C7. 1924 (2013) and the "actual innocence" exception,

**B.      Discussion**

*1. Motion to Dismiss as a Response to a Petition for a Writ of Habeas Corpus*

Initially, Petitioner asserts that a motion to dismiss is an improper response to a habeas corpus petition. Petitioner relies upon Browder v. Dir., Dep't of Corr. of Illinois, 434 U.S. 257 (1978), in which the Supreme Court of the United States stated the following in a footnote:

> Respondent's conception . . . seems to have been that a Rule 12(b)(6) motion is an appropriate motion in a habeas corpus proceeding, and that upon denial of such a motion, the case should proceed through answer, discovery, and trial. This view is erroneous. The custodian's response to a habeas corpus petition is not like a motion to dismiss. The procedure for responding to the application for a writ of habeas corpus . . . is set forth in the habeas corpus statutes and, under Rule 81(a)(2), takes precedence over the Federal Rules.

Id. at 269 n.14 (citation omitted). Petitioner also offers Ukawabutu v. Morton, 997 F. Supp. 605, 608 (D.N.J. 1998), for the closely related proposition that a motion to dismiss is an inappropriate response to a petition for a writ of habeas corpus unless the district court, exercising its "ample discretionary authority," directs or permits the respondent to file such a motion. Petitioner contends, then, that this Court does not have the authority to entertain Respondents' motion to dismiss his petition.

2

Petitioner's arguments are incorrect for two reasons. First, the Rules Governing Section 2254 Cases in the United States District Courts ("the 2254 Rules") were amended in 2004 to expressly permit district courts to follow the "common practice" of filing a pre-answer motion to dismiss a habeas corpus petition. Rule 4 of the 2254 Rules states the following:

> If the petition is not dismissed, the judge must order the respondent to file an answer, motion, **or other response** within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

(emphasis added). The 2004 Advisory Committee Notes to Rule 4 state:

> The amended rule reflects that the response to a habeas petition may be a motion.
>
> ***
>
> **Changes Made After Publication and Comments**. The Rule was modified slightly to reflect the view of some commentators that it is common practice in some districts for the government to file a pre-answer motion to dismiss. The Committee agreed with that recommendation and changed the word "pleading" in the rule to "response." It also made several minor changes to the Committee Note.

Furthermore, Rule 2254(E)(1)(a) of the Local Rules for the United States District Court for the Western District of Pennsylvania explicitly permits respondents to "file a motion to dismiss if the respondent believes that there is a clear procedural bar to the action, such as . . . [the] statute of limitations." Thus, a pre-answer motion to dismiss is an appropriate response to a habeas corpus petition under both Rule 4 of the 2254 Rules and Local Rule 2254(E)(1)(a).

Second, the language contained in <u>Browder</u> was dicta. See <u>Tomoney v. Warden, S.C.I. Graterford</u>, No. CIV.A. 01-0912, 2002 WL 1635008, at *2 (E.D. Pa. July 17, 2002) (calling into doubt <u>Browder's</u> assertion via dicta that a motion to dismiss is not a proper response to a petition

for a writ of habeas corpus). Moreover, in Browder, the habeas corpus petition at issue was filed prior to the enactment of the 2254 Rules, which were effective February 1, 1977.

Having found that Respondents' motion to dismiss is proper, the Court will now proceed to address the parties' arguments.

*2. Timeliness of the Petition*

AEDPA imposes a one-year limitation period for a state prisoner to file a federal habeas petition. Generally, the limitations period begins on the date the judgment of sentence becomes final. 28 U.S.C. § 2244(d)(1)(A). In the context of AEDPA, a judgment becomes final at the conclusion of direct review or upon the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); Gonzales v. Thaler, -- U.S. ----, 132 S.Ct. 641, 653-54 (2012). One of the following alternative start dates, however, may apply:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(B)-(D). The AEDPA limitations period is subject to both statutory and equitable tolling. Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999).

Petitioner is challenging the July 5, 2006, judgment of sentence imposed upon him by the Court of Common Pleas of Jefferson County. Petitioner timely filed a direct appeal to the Superior Court of Pennsylvania, which affirmed the judgment of conviction. On March 27, 2008, the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal

4

("PAA"). Petitioner did not file a petition for writ of certiorari to the United States Supreme Court. Accordingly, Petitioner's judgment of sentence became final on June 25, 2008. See Gonzales, 132 S.Ct. at 653-56; Supreme Court Rule 13.1 ("a petition for writ of certiorari . . . is timely filed . . . within 90 days after entry of the judgment.").

On March 26, 2009, Petitioner timely filed a pro se Motion for Post Conviction Collateral Relief, 274 days after his conviction became final. The Supreme Court of Pennsylvania denied Petitioner's PAA on May 26, 2011. AEDPA's statute of limitations period began to run again the next day, on May 27, 2011. Because 274 days had already expired from the limitations period (June 25, 2008—March 26, 2009), Petitioner had ninety-one days—or until August 25, 2011—to file a timely § 2254 petition. Petitioner failed to meet this deadline, as he filed the instant habeas petition on April 6, 2016, over 1,685 days, or four years and seven months, after the statute of limitations expired.

Thus, the instant petition is untimely unless Petitioner can show that the limitations period should be tolled or an alternate start date should apply.

### 3. *Equitable Tolling of the AEDPA Statute of Limitations*

Petitioner argues that he is entitled to equitable tolling of AEDPA's statute of limitations. A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (emphasis added) (citation omitted); see also Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, (2005)). "This conjunctive standard requires showing both elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). Equitable tolling is warranted "'only in the rare situation where equitable tolling is demanded by

5

sound legal principles as well as the interests of justice'." Schlueter v. Varner, 384 F.3d 69, 75 (3d Cir. 2004) (quoting Morton, 195 F.3d at 159). As our appellate court has explained, "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case." Ross, 712 F.3d at 799-780 (quoting Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011)).

Petitioner seeks equitable tolling of the AEDPA limitations period on two grounds. First, Petitioner contends that he was unable to obtain a copy of his file relating to his conviction in Indiana County because the file was "lost" and the documents were needed for his double jeopardy/compulsory joinder claims and his associated ineffective assistance of counsel claims.[1] Second, Petitioner asserts that until 2015 he was unable to procure a certified copy of the trial transcript from his Jefferson County criminal case. Petitioner argues that both of these circumstances justify equitable tolling because each presented an extraordinary circumstance which prevented the timely filing of his habeas corpus petition. The Court finds these arguments to be without merit.

After careful consideration of the record, the Court finds Petitioner's first argument unavailing for a number of reasons. First, it is not all clear what documents from Indiana County Petitioner claims he needed in order to file a federal habeas petition and it is not clear from whom Petitioner sought to obtain the file. In his response, Petitioner states:

> Petitioner tried to get a copy of his file relating to the plea agreement which resulted in a conviction in Indiana County, but he was told the file was lost or destroyed . . . The files and records of

---

[1] Petitioner was subject to a previous criminal prosecution in the Court of Common Pleas of Indiana County for crimes similar in nature to those for which he was prosecuted in the Court of Common Pleas of Jefferson County. Petitioner argues that the documents relating to his Indiana County prosecution were so central to his current petition that the loss of them qualifies as an "extraordinary circumstance" for equitable tolling purposes. The Court notes that Petitioner's double jeopardy claims were addressed and rejected on both direct and collateral review by the Pennsylvania Superior Court.

6

>   the Indiana County case were (are) lost. The terms of the plea
>   agreement cannot be documents because the documents have been
>   lost through no fault of the Petitioner.

Pet's Resp., ECF No. 20 at 8. Next, it appears that Petitioner's direct appeal counsel, Patrick Lavelle, had copies of the Indiana County records and, in fact, included those records as part of the record on direct appeal.[2] Petitioner offers no explanation as to why he was unable to obtain the Indiana County records from either his prior counsel or from the Superior Court. Finally, Petitioner's inability to obtain the Indiana County documents did not present an "extraordinary circumstance that stood in" the way of filing his habeas petition. Holland, 560 U.S. at 649. Petitioner did in fact file the instant petition although he allegedly still does not have the Indiana County documents. Thus, Petitioner cannot plausibly argue that his inability to procure the Indiana County documents hindered the filing of his petition. Lastly, Petitioner has been aware of his double jeopardy claims since at least November 17, 2004, when the criminal Information was filed against him in the Court of Common Pleas of Jefferson County. Petitioner litigated the issue during his pre-trial proceedings, and on direct appeal and in his PCRA proceedings. Nothing prevented Petitioner from presenting his double jeopardy arguments in a timely federal habeas petition.

---

[2] See Exhibit 6 of Respondents' brief in support of their motion to dismiss, which is a cover letter dated Jan. 31, 2007, from the Prothonotary of Jefferson County to the Office of the Prothonotary of the Superior Court enclosing 92 pages of Indiana County documents, stating, "Please find enclosed additional filings that were entered as defendant exhibits to the above-mentioned case. I have also attached a newly printed docket sheet indicating service to all attorneys and numbered for identification. Kindly attach them to the original case." Patrick Lavelle, Defense Attorney is copied on the letter. (ECF No. 19-6). The documents include select pages of the Jefferson County criminal docket, the Indiana County Police Criminal Complaint, the Indiana County Information; Guilty Plea Explanation of Defendant's Rights, Sentencing Order, and the Pennsylvania State Police Incident Report.

A similar conclusion is warranted with regard to Petitioner's second argument. As a ground for habeas corpus relief, Petitioner claims that the jury instructions given at his Jefferson County criminal trial were deficient. In order to prove this claim, Petitioner argues that he required a certified copy of his trial transcript. The inability to procure a transcript, however, is not an "extraordinary circumstance" that would justify equitable tolling. See Burton v. Horn, 617 F. App'x 196, 201 (3d Cir. 2015) (lack of a transcript is not a ground for equitable tolling); Horning v. Lavan, 197 F. App'x 90, 93 (3d Cir. 2006) (Petitioner's claim that equitable tolling was justified because he had trouble obtaining a transcript "of no moment"); Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (failure of attorney to obtain a complete set of trial transcripts not an "extraordinary circumstance[]" justifying equitable tolling); see also Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 750–51 (6th Cir. 2011) (the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling); Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) (lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (holding that delays in obtaining the transcript of the trial is an insufficient reason to extend the limitations period). Moreover, the record clearly reflects that Petitioner was aware of this claim from at least 2009 when his PCRA attorney alleged that no Knowles instruction had been given. The PCRA court conducted a hearing on February 2, 2010, after which the PCRA court "corrected" the transcript. PCRA Opinion, March 8, 2010 (ECF No. 8-6).

The Court finds that Petitioner's explanations for the untimely filing of his habeas corpus petition do not present the type of "rare situation[s] where equitable tolling is demanded by

sound legal principles as well as the interests of justice." Schlueter, 384 F.3d at 75. For these reasons, it is recommended that Petitioner's arguments for equitable tolling be denied.[3]

*4. The "Impediment to Filing" Statutory Exception under AEDPA*

Petitioner further argues that his inability to obtain the Indiana County documents and a certified copy of his trial transcript are state-created impediments which prevented him from filing his habeas petition and therefore he is entitled to a new, extended deadline for AEDPA's limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B).

Under § 2244(d)(1)(B), the statute of limitations for the filing of a habeas corpus petition does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." The AEDPA does not define the phrase "impediment to filing," and the Third Circuit Court of Appeals has not yet undertaken the task of defining the phrase. Pabon, 654 F.3d at 404. Courts have found that an "impediment to filing" might exist where a state court refuses to rule on a constitutional issue properly before it, Lackawanna Cty. Dist. Attorney v. Coss, 532 U.S. 394 405, (2001); where a clerk's office fails to timely file a petition, Critchley v. Thaler, 586 F.3d 318, 320 (5th Cir. 2009); where a state delays a prisoner's receipt of notice that the judgment in his case is final, Earl v. Fabian, 556 F.3d 717, 726 (8th Cir. 2009); or where a prison offers inmates an inadequate law library, Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000). Whatever the facts of a particular case, the plain language of the statute makes clear that the prisoner must be "prevented" from filing a petition for habeas corpus. § 2244(d)(1)(B).

---

[3] The Court notes that Petitioner's claim for relief based on the lack of a Knowles instruction may be procedurally defaulted as it does not appear that Petitioner has fully exhausted that issue.

Here, Petitioner was not "prevented" from filing his habeas corpus petition within the meaning of § 2244(d)(1)(B). He cannot therefore take advantage of a delayed "trigger" date for the AEDPA statute of limitations. Neither the inability to obtain the Indiana County documents nor the inability to obtain a certified copy of the trial transcript presented a case of a state created "impediment to filing."

In light of the above analysis, it is recommended that Petitioner's arguments statutory tolling under § 2244(d)(1)(B) be denied.

### 5. *The "Actual Innocence" Exception to the AEDPA Statute of Limitations*

Finally, relying on McQuiggin, Petitioner argues that his habeas corpus petition is timely because his "actual innocence" constitutes an equitable exception that overcomes the AEDPA statute of limitations. Petitioner asserts that the Commonwealth violated principles of double jeopardy and compulsory joinder when it hauled Petitioner into court in Jefferson County for crimes that should have been or were prosecuted at some previous time in Indiana County.

In McQuiggin, the Supreme Court of the United States held that a "colorable claim" of "actual innocence" constitutes an equitable exception to AEDPA's statute of limitations. McQuiggin, 133 S. Ct. at 1931. To establish a colorable claim of "actual innocence," a petitioner must demonstrate "(1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." Sistrunk, 674 F.3d at 191. All three factors must be sufficiently proven for a petitioner to prevail under this standard. Id.

In this case, to the extent Petitioner seeks to escape AEDPA's statute of limitations based on a claim of actual innocence, his argument fails. Under the relevant standard, Petitioner is required to present "new evidence" that would make it "more likely than not that no reasonable

juror would have convicted him." McQuiggin, 133 S. Ct. at 1935. Petitioner's bare assertion that there is no evidence that the Commonwealth had a right to call him into court is not "new evidence." Consequently, Petitioner has not proved a "colorable claim" as required under the standard.

Accordingly, it is the recommended that Petitioner's argument be denied has he has failed to demonstrate that he is entitled to an equitable exception to AEDPA's statute of limitations under McQuiggin.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable that the instant petition is time barred. It is statutorily barred, and neither statutory nor equitable tolling applies.

## III. Conclusion

For all of the above reasons, it is respectfully recommended that the motion to dismiss be granted, the petition for writ of habeas corpus be dismissed, and a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file written Objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

          s/ Cynthia Reed Eddy
          Cynthia Reed Eddy
          United States Magistrate Judge

Dated: September 14, 2016

cc:    Cheryl J. Sturm
      (via ECF electronic notification)

      Jeffrey D. Burkett
      District Attorney of Jefferson County
      (via ECF electronic notification)